## 18334.　McCLUSKEY v. THE STATE.

The special grounds of the motion for a new trial show no cause for a reversal, and there being some evidence to support the verdict, this court can not say that the trial judge erred in overruling the motion for a new trial.

DECIDED NOVEMBER 15, 1927.

Disturbing religious assembly; from city court of Jefferson— Judge Ayers. June 22, 1927.

*H. W. Davis, Pemberton Cooley, E. G. Cooley,* for plaintiff in error.

*G. W. Westmoreland, solicitor,* contra.

LUKE, J. The defendant was found guilty of disturbing divine service, and assigns error on the overruling of his motion for a new trial. The substance of the testimony was that Deacon Rakestraw, the prosecutor in this case, had been or was about to be "uncrowned," and was registering his objections by persisting in reading a paper, over the strenuous objections of the presiding officer and four fifths of the congregation, including the defendant. Provoked by the dogmatic determination of the prosecutor to enlighten the congregation as to the contents of this paper, the defendant (who was not the presiding officer) rose in his place and admonished Deacon Rakestraw to "set down, or I will knock you down with my fist," which remark "disturbed" Deacon Rakestraw and his sympathizers, though it apparently met with the entire approbation and approval of a majority of the congregation. The defendant insists that the meeting was lacking in the quality of divineness which should characterize such a meeting, and proof of which is essential to a conviction under this charge. He insists also that the equilibrium of this alleged spiritual body was already upset before he made this remark, and that there were two rival, rowing, and belligerent factions in the church, and that his prosecution is but an effort to settle in the courts the respective rights of the unreconciled church factions.

Were we passing on the case as a jury, whose exclusive province it is to pass on the facts and the credibility of the witnesses, we might be inclined to agree with the defendant; especially so since

Criminal Law, 16 C. J. p. 930, n. 93; 17 C. J. p. 252, n. 16; p. 254, n. 51; p. 267, n. 99.

Disturbance of Public Meetings, 18 C. J. p. 1401, n. 13.

there is some evidence tending to show that the prosecutor was actuated by a spirit of revenge because he had been "uncrowned," and because, after the defendant had come to him and apologized for the remark in question, the parents of the defendant did not also come to the prosecutor and do homage. However, regardless of which church faction may have been right (which is not a matter within the jurisdiction of this court), and regardless of the fact that the prosecutor himself may have been equally guilty of disturbing the service, these things would not justify, in law, the disturbance by the defendant. The statute provides that "Any person who shall . . in any manner disturb a congregation of persons lawfully assembled for divine service, and until they are dispersed from such place of worship, shall be guilty of a misdemeanor." While the evidence was conflicting, there was some evidence of every essential element of this crime. There was some evidence to show that they were assembled for divine service, that at and during this assemblage they were engaged in preaching, singing, and praying, that the remark which the defendant admitted making disturbed certain members, and that "there was no disturbance before that." The jury believed this evidence, as shown by their verdict, which has the approval of the trial judge.

The special grounds of the motion for a new trial show no cause for a reversal; and, there being some evidence to support the verdict, this court can not say that the trial judge erred in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*